## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELENA SALINAS,<br>                    Appellant, | DOCKET NUMBER<br>DA-0752-20-0048-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>                    Agency. | DATE: August 9, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Adam Casner</u>, Esquire, Cedar Park, Texas, for the appellant.

<u>Jennifer Cook</u>, Houston, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant argues that the administrative judge made erroneous factual findings and that the initial decision failed to follow established precedential Board decisions. However, most of the petition for review is comprised of a nearly verbatim copy of the appellant's closing argument brief, which the administrative judge considered before issuing the initial decision. *Compare* Petition for Review (PFR) File, Tab 1 at 4-16, *with* Initial Appeal File (IAF), Tab 46 at 6-15. The Board has held that pleadings that do not raise specific arguments of error and instead merely incorporate arguments set forth in a brief submitted below do not meet the criteria for Board review because they do not explain how or why the administrative judge erred. *See Mulroy v. Office of Personnel Management*, 92 M.S.P.R. 404, ¶ 15 (2002), *overruled on other grounds by Clark v. Office of Personnel Management*, 120 M.S.P.R. 440, ¶ 12 (2013); *Mawson v. Department of the Navy*, 48 M.S.P.R. 318, 321 (1991). The only new arguments the appellant raises on review are that the administrative judge made "blanket" credibility findings in favor of the agency without resolving inconsistencies in the testimony from agency officials, and that the facts in her case are comparable to those in the Board decision *Freeborn v.*

*Department of Justice*, 119 M.S.P.R. 290 (2013), in which the Board reversed the administrative judge's finding that the appellant's decision to resign in that case was not involuntary. PFR File, Tab 1 at 12-15.

Regarding the appellant's challenge to the administrative judge's credibility determinations, we see no reason to disturb those findings on review. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (same). The appellant argues that, although the administrative judge concluded that the testimony from each agency witness was consistent and "independently corroborated the essential elements" of the others, he failed to consider the fact that the testimony from agency officials also corroborated the essential elements of the appellant's testimony, and instead concluded that her testimony was not credible. PFR File, Tab 1 at 12. She also asserts that the administrative judge failed to address the fact that her former first-line supervisor's contemporaneous notes were inconsistent with his own testimony. *Id.*

With respect to the appellant's argument that the administrative judge erred by failing to credit her testimony over contrary testimony by agency officials, the initial decision reflects that, in crediting the testimony from the agency officials over the contrary testimony from the appellant, the administrative judge identified and examined the relevant *Hillen* factors in resolving credibility issues, including the straightforward and unhesitant demeanor of the agency witnesses, the consistency of each agency witness's testimony with the other testimony and evidence in the record, and the lack of any bias from the agency witnesses. IAF, Tab 48, Initial Decision (ID) at 11-14 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth the factors relevant to resolving credibility issues) and *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (setting forth the relevant factors for assessing the probative value of

hearsay evidence)).  By contrast, the administrative judge noted that the appellant failed to provide any evidence supporting her assertion that her former first-line supervisor made a gender-based comment about her arrival, or that he yelled at her in front of her coworkers during a training session in finding that her version of events was not credible.  ID at 12-13 (citing *Hillen*, 35 M.S.P.R. at 458).

Regarding her claim that the testimony by agency witnesses corroborated the essential elements of her allegations, as the agency correctly notes on review, both the appellant and the identified agency witnesses testified that the appellant and her supervisor did, in fact, have a conversation during the defensive tactics training session, which the administrative judge credited, but the agency witnesses all denied the appellant's claim that her supervisor yelled at her or humiliated her, and the administrative judge credited the consistent testimony by agency witnesses on this point.  PFR File, Tab 1 at 12, Tab 3 at 16; ID at 13 (citing *Hillen*, 35 M.S.P.R. at 458).  Regarding the purported discrepancy between her first-line supervisor's contemporaneous notes and his later testimony, as the agency correctly notes, the appellant does not identify which portion of the supervisor's contemporaneous notes she believes are inconsistent with his provided testimony, so it is impossible to discern what her specific objection is on review.  PFR File, Tab 1 at 12, Tab 3 at 16; IAF, Tab 18 at 4-10.  Nevertheless, we have reviewed the supervisor's notes, as well as the administrative judge's findings in the initial decision, and see no reason to disturb those findings.  Although the appellant denied making several of the statements attributed to her by her first-line supervisor during her jurisdictional hearing testimony, the administrative judge correctly made specific and detailed credibility findings in crediting the supervisor's version of events over the appellant's, and the appellant has not offered any new argument on review challenging those findings.

Finally, with respect to the appellant's argument that the facts in her case are comparable to those in *Freeborn*, and that the agency misled her or failed to

provide her with adequate and complete information from which to make an informed decision regarding whether to resign from her position, there is no merit to this argument. PFR File, Tab 1 at 13-15. The source of the appellant's assertion that the agency failed to provide her with necessary information regarding her resignation decision appears to stem from testimony by the acting Port Director during the hearing stating that she had planned to serve the appellant with a letter of intent to remove her weapon. *Id.* at 14; IAF, Tab 44, Hearing Compact Disc (testimony of the acting Port Director). The appellant appears to imply that the Port Director's intention to issue the letter and the agency's failure to inform the appellant of that intention represented a failure on the agency's part to provide her with information necessary to make an informed decision concerning her resignation, rendering her resignation decision involuntary. PFR File, Tab 1 at 13-15.

As an initial matter, as the agency correctly notes, the acting Port Director never actually served the letter of intent on the appellant, so she would not have been aware of the fact that the agency may have been preparing such a letter at the time she made her initial decision to resign from her position, and therefore it could not have had any influence on her decision to resign. PFR File, Tab 3 at 17. Further, as the agency correctly observes, the facts of *Freeborn* are readily distinguishable. *Id.* at 16-18. The appellant in *Freeborn* was required to accept a 10-day suspension for misconduct or resign immediately, and the supervisor who gave him this ultimatum provided him with incomplete or inaccurate information in doing so, failing to inform him that the 10-day suspension would be paid. *Freeborn*, 119 M.S.P.R. 290, ¶ 8. In reversing the administrative judge's decision dismissing the appeal for lack of jurisdiction, the Board relied heavily on the fact that the supervisor was aware of Mr. Freeborn's erroneous belief and did nothing to correct it, and the fact that Mr. Freeborn testified clearly and unequivocally that he would not have resigned if not for this mistaken belief. *Id.*, ¶¶ 14-15. Here, by contrast, the agency did not convey any incorrect or

misleading information to the appellant or force her to choose between potential disciplinary action or resignation; instead, it was the appellant who volunteered her decision to resign on her own volition. For the foregoing reasons, we find no error in the administrative judge's reasoning and see no reason to disturb the findings in the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.